FILED
99 NOV 17 AM 9:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
NOV 17 1999

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| LINDA S. BURKE, *et al.*, | } | |
|     Plaintiffs, | } | |
| | } | CIVIL ACTION NO. |
| v. | } | |
| | } | 95-AR-1329-M |
| JOHN SMITH, *et al.*, | } | |
|     Defendants. | } | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| TAMMY BURKE, | } | CIVIL ACTION NO. |
|     Plaintiff, | } | 98-AR-2543-S |
| v. | } | |
| HOLLINGSWORTH & ASSOCIATES, *et al.*, | } | |
|     Defendants. | } | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| TAMMY BURKE, | } | CIVIL ACTION NO. |
|     Plaintiff, | } | 98-AR-2544-S |
| v. | } | |
| LINDA S. BURKE, *etc., et al.*, | } | |
|     Defendants. | } | |

**<u>MEMORANDUM OPINION</u>**

    The pretrial conference which was scheduled for November 10, 1999, in CV-95-AR-1329-M was downgraded to a status conference for



reasons which will hereinafter become obvious. The procedural posture of that case and of the other two above-numbered cases hereinafter discussed, does not lend itself to a final delineation of the issues for trial. The situation is complicated, complex, comminuted, convoluted, and contradictory. Because of the inexorable connections between CV-95-AR-1329-M, CV-98-AR-2543-S, and CV-98-AR-2544-S, the dismissal without prejudice of CV-98-AR-2543-S in the erroneous belief by the court that that case had been mooted by the reinstatement of CV-95-AR-1329-M, calls for the vacation of the order of dismissal in CV-98-AR-2543-S and for an instruction to the clerk and to counsel in all three cases that hereinafter all parties in all these cases shall receive copies of all pleadings and orders entered in any one or more of the three cases. Whether or not the three cases will be consolidated is a matter which will be considered in due course. The three should have been assigned to one judge from their inception, but that is water over the dam. Treating them together is the only treatment that comports with the requirements of due process and good judicial administration.

  There are several issues that must be ironed out and that will doubtless require some discovery. Some issues will probably eventually be resolved under Rule 56 consideration. But nothing can be accomplished until Linda S. Burke ("Linda"), appears, either through counsel or *pro se*, and makes her positions formally known

to the court and to the other parties. She was neither present in person nor by counsel on November 10, 1999. Yet, she was the primary topic of conversation. Tammy Burke ("Tammy"), speaking through her present counsel, takes the position that Linda had no authority to bind Tammy to the purported settlement of the wrongful death claim brought under Alabama law and arising out of the death of Dennis Robert Burke ("Dennis"), who was Tammy's father and Linda's husband. As of now this court has agreed with Tammy's said contention by setting aside the settlement decree in CV-95-AR-1329-M and reinstating that case. But, this court was informed on November 10, 1999, by John Smith ("Smith"), and Heyl Truck Lines, Inc. ("Heyl"), speaking through their present counsel in CV-95-AR-1329-M (they have other counsel in CV-98-AR-2544-S), that they paid Linda approximately $900,000 for a dismissal of the wrongful death claim and that they simultaneously obtained an indemnity agreement from Linda. Although at present Linda is not represented in CV-95-AR-1329-M, either individually or as administratrix of the estate of Dennis, that is, unless Jack Hollingsworth ("Hollingsworth"), is still technically considered to be her lawyer, she has telephoned the chambers of this court and has informed a law clerk that Tammy voices no complaint against her and is happy with her performance as Tammy's representative. This may be consistent with the purported release executed by Tammy in favor of Linda, but it is totally inconsistent with the positions that Tammy is taking in

these three cases.

The action for Dennis' wrongful death under Alabama law was owned by his "dependents," namely, Linda and Tammy. While Tammy, as a minor, could bring this suit by her next friend and mother, a settlement could not bind Tammy without the court's consideration of its fairness and after the appointment of a guardian *ad litem* for Tammy. It was for this reason that the court agreed with the recommendation of Magistrate Judge Putnam and set aside the settlement decree. It goes without saying, however, that Linda cannot take advantage of the reopening of CV-95-AR-1329-M without returning to Smith and Heyl the money that they or their insurance company paid. If Linda returns all of the said money, without interest, within 30 days of this date, the court will proceed as if Linda and Tammy are the plaintiffs and will return CV-95-AR-1329-M to "square one." If, however, Linda does not return the money, all three of the above-styled and numbered cases will be set for a scheduling and status conference before a court reporter, with the possibility that testimony will be taken.

DONE this 17th day of November, 1999.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE